OF THE

## STATE OF IOWA

AT

DES MOINES, SEPTEMBER TERM A. D. 1906.

AND IN THE SIXTIETH YEAR, OF THE STATE.

---

HENRY U. WALTON, Appellant, v. THE ATCHISON, TOPEKA
AND SANTA FE RAILROAD COMPANY, Appellee.

**Apprentices:** DISCHARGE. Where an apprenticeship contract extends beyond the period of minority and the apprentice thereafter continues to perform service, the parties are governed by the original contract, in the absence of a new agreement; and the apprentice's summary discharge may be justified upon the grounds therein specified, without invoking the provisions of Code, Sections 3241, *et seq.* relating to the discharge of an apprentice during minority.

*Appeal from Lee District Court.*— HON. HENRY BANK, JR.,
Judge..

WEDNESDAY, NOVEMBER 23, 1904.

REHEARING DENIED. WEDNESDAY, SEPTEMBER, 19,
1906.

423

ACTION to recover damages for breach of the terms of an indenture of apprenticeship. The written indenture bears date September 1, 1899,' and is signed by plaintiff, his parents, and on behalf of the defendant corporation. At the time thereof plaintiff was a minor, his nineteenth birthday having occurred in the month of March previous. As far as material to be considered, the provisions of the writing are as follows: The corporation, defendant here, is designated as the first party; Walton, plaintiff, as the second party; and the parents of the plaintiff as the third party. It is recited that the first party agrees to furnish employment to the second party, giving him every opportunity, consistent with the management of its works, to educate himself in the art of machinery; the first party to teach and instruct him in such art as performed in its shops. The second party agrees to work four years, during which he will faithfully serve and readily obey all commands of the first party, and will not absent himself without leave. Said second party to be paid for the first year, 90 cents per day; for the second year, $1.15 per day; for the third year, $1.40 per day; and for the fourth year, $1.65 per day, "Payable each pay day, less the amount hereinafter specified, . . . and the first party agrees to hold out from the wages of the second party as follows:. For the first year, five cents per day; for the second year, ten cents per day; for the third and fourth years, fifteen cents per day. The total amount held back to be paid in full to the said party at the expiration of his four years' apprenticeship, and said sum shall be forfeited to and retained forever by said first party if at any time during the aforesaid apprenticeship the said second party should leave the service of the Company or should be discharged for any violation of the terms of this instrument, and the said party of the first part further agrees, at the time of the expiration of said term of apprenticeship, if said party of the second part fully complies with the terms of this instrument, to execute

and deliver to said second party, a certificate stating in full the length of time said minor has worked or served said Company in said art or trade. It is further agreed and understood that the said party of the first part shall have the right to suspend or dismiss said minor from the service at any time during the apprenticeship term of his employment should he fail to perform the duties required of him in a satisfactory manner, and in such case the extra pay retained as hereinbefore provided, shall be forfeited." Plaintiff entered upon the contemplated employment, and continued therein until on or about August 31, 1901, when he was dismissed by the defendant. At the time of his dismissal, plaintiff had been paid in full the wages earned by him to date, but there was not paid to him the amounts held out under the contract, aggregating the sum of about $45. It is the allegation of the petition that plaintiff was dismissed from service without any sufficient cause; that he has been greatly damaged thereby; and damages in a sum stated are claimed. The defendant admits the dismissal of plaintiff from its service, and pleads in justification thereof that the said plaintiff failed to keep the covenants, conditions, and agreements on his part to be done, kept, and performed under said agreement; that said plaintiff did not faithfully serve said defendant, and did not obey its commands or the commands of its agents; that said plaintiff wasted the goods of said defendant; that said plaintiff absented himself from the service of said defendant without leave from the proper officers; and that said plaintiff did not carry or behave himself as a good and faithful apprentice ought during the time of said service; and said defendant alleges that it dismissed the said plaintiff from its services because the said plaintiff failed to perform the duties required of him in a satisfactory manner. Upon the issue thus joined, trial was had to a jury, resulting in a verdict in favor of the defendant. There was judgment against plaintiff for costs, and he appeals.— *Affirmed.*

*Daniel F. Miller* and *John L. Benbow,* for appellant.

*Gardiner Lathrop* and *W. S. Hamilton,* for appellee.

BISHOP, J.— We think the jury was warranted in finding that defendant had cause for the discharge of plaintiff. There is testimony tending to show that he had been laid off at least twice for violation of rules, and upon several other occasions when he had been guilty of disobedience he was warned that his discharge would follow unless he should conform to the rules of the shops; that he persisted in his violations, and his dismissal followed. Such being true, we must accept of the finding of the jury as conclusive.

Plaintiff contends, however, that defendant had no right to discharge him summarily; that, in any event, it could proceed only in accordance with the provisions of section 3241 *et seq.* of the Code, having relation to the release of a master from further obligation under an indenture. In substance, the provisions invoked are that, upon making complaint to a judge of the district court, the master may have the apprentice brought in, and, proof of a refusal to serve or gross misbehavior being made, the indenture may be set aside, and the master discharged from further liability. As plaintiff is here insisting that he was discharged from service, and is claiming damages on account thereof, it is not clear for what purpose the statute is invoked, unless it be to claim therefrom that a master may not justify a discharge of his apprentice, except through a complaint laid before a district judge. If it were possible for such a question to arise from the record before us, we should experience little difficulty in reaching a conclusion. But we are confronted with no such question. It will be observed that plaintiff arrived at the age of majority in March preceding his dismissal. Both at common law and under the statute, his parents had no right to bind him save during the years of his minority. 3 Cyc. 543; Code, section 3229. It follows

that from the time plaintiff became of age he was no longer bound by the contract as an indenture of apprenticeship. His continuance in the service of the defendant company could amount to nothing more than a contract for employment. It may be conceded that, no other arrangements being made, the provisions of the indenture as to the character of the service to be rendered, on the one hand, and for payment, instruction, etc., on the other hand, would be regarded as continuing in force. We need not stop, however, to consider the rights of the parties arising out of such contingency, save in one respect. Certain it is that the defendant would have a continuing right of discharge for any of the causes specified in the indenture. And as the statute has relation only to the discharge of a minor apprentice, the defendant would have the right to proceed in its own manner to accomplish the discharge. It could in no event incur any other liability than that of damages, it being shown that the discharge was without cause. As the jury found there was sufficient cause for discharge in the instant case, we think the question must be regarded as at an end.

Errors respecting the admission of evidence are assigned, and complaint is made respecting the conduct of counsel for defendant during the progress of the trial. We have examined the record fully as to such matters, and find nothing that would warrant a reversal of the judgment. — *Affirmed.*